**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TELEBRANDS CORP.,** ) | |
| ) | Civil Action No.  2:12-cv-06671-FSH-PS |
| Plaintiff, ) | |
| ) | |
| v.  ) | District Judge Faith S. Hochberg |
| ) | Magistrate Judge Patty Schwartz |
| **NATIONAL EXPRESS, INC.,** ) | |
| **BLUE GENTIAN, LLC, and** ) | |
| **MICHAEL BERARDI,** ) | **JOINT DISCOVERY PLAN** |
| ) | |
| Defendants. ) | |
| ) | (Document filed electronically) |
| ) | |

1.   For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

   FOR PLAINTIFF TELEBRANDS CORP. ("Telebrands"):

| | |
|---|---|
| Peter D. Murray (admitted *pro hac vice*) | David S. Stone |
| Jeffrey L. Snow | Jason Spiro |
| Robert T. Maldonado (admitted *pro hac vice*) | Stone & Magnanini LLP |
| Eric M. Eisenberg (admitted *pro hac vice*) | 150 John F. Kennedy Parkway |
| Cooper & Dunham LLP | 4th Floor |
| 30 Rockefeller Plaza | Short Hills, NJ 07078 |
| New York, NY 10112 | dstone@stonemagnalaw.com |
| jsnow@cooperdunham.com | (973) 218-1111 |
| (212) 278-0400 | (973) 218-1106 |
| (212) 391-0525 | |

FOR DEFENDANTS BLUE GENTIAN, LLC ("Blue Gentian") AND MICHAEL BERARDI:

| | |
|---|---|
| Edward F. McHale (admitted *pro hac vice*) | Gregory S. Gewirtz |
| Brian M. Taillon (admitted *pro hac vice*) | Robert B. Hander |
| Amy Price (admitted *pro hac vice*) | Lerner, David, Littenberg, Krumholz |
| McHale & Slavin, P.A. | & Mentlik LLP |
| 2855 PGA Boulevard | 600 South Avenue West, Suite 300 |
| Palm Beach Gardens, FL 33410 | Westfield, NJ 07090 |
| litigation@mchaleslavin.com | ggewirtz@ldlkm.com |
| (561) 625-6575 | (908) 654-5000 |
| (561) 625-6572 | (908) 654-7866 |

FOR DEFENDANT NATIONAL EXPRESS, INC. ("National Express"):

| | |
|---|---|
| Steven M. Coyle (admitted *pro hac vice*) | David W. Phillips |
| Cantor Colburn LLP | LeClairRyan |
| 20 Church Street, 22nd Floor | One Riverfront Plaza |
| Hartford, CT 06103 | 1037 Raymond Boulevard, 16th Floor |
| scoyle@cantorcolburn.com | Newark, NJ 07102 |
| (860) 286-2929 | david.phillips@leclairryan.com |
| (860) 286-0115 | (973) 491-3530 |
| | (973) 491-3491 |

2. (a) Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

Telebrands has brought a declaratory judgment action regarding two patents owned and/or licensed by Defendants, namely U.S. Patent Nos. 8,291,941 and 8,291,942 ("the patents-in-suit"), both of which are directed to an expandable hose. Specifically, Telebrands seeks a declaratory judgment that its POCKET HOSE product does not infringe any valid claim of the patents-in-suit and a determination that the claims of the patents-in-suit are invalid for failing to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112. The parties currently anticipate that the principal legal issues in this case will be the construction of the disputed terms in the claims of the patents-in-suit, the

alleged invalidity of the claims of the patents-in-suit, the alleged infringement of the claims of the patents-in-suit, damages and injunctive relief.

On the same day, Blue Gentian brought an action against Telebrands in the Southern District of Florida alleging infringement of the same patents-in-suit. Pursuant to a transfer motion filed by Telebrands, that case was transferred to this District as Case No. 2:13-cv-00481. Telebrands has already sought leave to file a motion to consolidate the two actions.

(b) Is this a fee-shifting case?

Yes _X_ No ____

If so, set forth the legal authority.

The parties will request an award of their attorneys' fees pursuant to 35 U.S.C. § 285.

3. Has this action, in whole or in part, been: Settled _No_ Discontinued _No_

   If yes, has there been a Stipulation/Dismissal filed?

   Yes ____ No ____

4. Have settlement discussions taken place? Yes _X_ No ___

   If so, when? The last settlement discussions took place on January 16, 2013. No specific monetary demand has been made by Defendants.

   (a) What was the plaintiff's last demand?

       (1) Monetary demand: _____
       (2) Non-monetary demand: Dismissal of lawsuit

   (b) What was defendant's last offer?

       (1) Monetary offer: $ _____
       (2) Non-monetary offer: _____

5. Core discovery needed to be able to discuss settlement in a meaningful way:

 **Telebrands' Position**:  The discovery necessary for meaningful settlement discussions includes the exclusive license agreement between the Defendants, the design and development of the inventions claimed in the patents-in-suit, and the prosecution of the patents-in-suit in the U.S. Patent and Trademark Office.

 **Defendants' Position**:  Discovery would include facts pertinent to Telebrands' invalidity defense(s); its position on claim construction; and sales and profits of the Accused Product.

6. The parties [have ___ -have not _X_ ] exchanged the information required by Fed. R.Civ. P. 26(a)(1).  If not, state the reason.

 Telebrands has served its Initial Disclosures on the Defendants.  Blue Gentian, LLC and Michael Berardi will serve Initial Disclosures by March 4, 2013.  By serving Initial Disclosures, Michael Berardi does not waive his jurisdictional defense.  National Express, Inc. will serve Initial Disclosures by March 15, 2013.  Telebrands does not object to these deadlines for Defendants to serve their Initial Disclosures.

7. Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P. 26(a)(1).

 None.

8. The parties [have ____ -have not _X_ ] conducted discovery other than the above disclosures.  If yes, describe.

9. The parties [have _X_ -have not ____ ] met pursuant to Fed. R. Civ. P. 26(f)

 (a) If not, state the reason therefor.

 (b) If so, state the date of the meeting and the persons in attendance.

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) with respect to the present action and Case No. 2:12-cv-00481 on February 14, 2013, and February 25, 2013. In attendance at the teleconferences were Jeffrey L. Snow and Robert T. Maldonado on behalf Telebrands, Edward F. McHale on behalf of Blue Gentian and Michael Berardi, and Steven M. Coyle on behalf of National Express.

(c) If this is not a joint plan, set forth the reason.

10. (a) Discovery is needed on the following subjects:

The prosecution of the patents-in-suit and related U.S. and foreign applications.

Prior art to the patents-in-suit.

Conception and reduction to practice of the inventions claimed in the patents-in-suit.

The exclusive license agreement between the Defendants.

The circumstances surrounding commencement of the design, development and manufacture and importation of the Pocket Hose.

Circumstances surrounding Telebrands' knowledge of the patent issued to McDonald, and its decision making as to notification of the U.S. Patent Office as to that reference.

Telebrands' tracking of the Defendants' sales of their own XHose product, and the prosecution of the patents-in-suit.

All defenses to infringement and factors pertinent to claims of invalidity.

Telebrands' customers and distribution network, and relevant communications with actual and potential retail customers.

The POCKET HOSE product.

The XHOSE product.

Damages.

Factors supporting the issuance of injunctive relief.

(b)    Discovery [should  X  -should not  X  ] be conducted in phases or be limited to particular issues.  If phased discovery is proposed, set forth the reason.

**Telebrands' Position**:  Telebrands will request bifurcation of trial on the issues of liability and damages.  Consequently, discovery on damages should be stayed until liability has been established.  It would be inefficient to require the parties to engage in the potentially unnecessary expense and effort to conduct discovery on damages. *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 260-61 (D.N.J. 1997).

**Defendants' Position**:  Defendants believe that discovery should not be conducted in phases, or limited to particular issues.  Bifurcation is an unusual step and is reserved for unique cases where the unusual circumstances warrant it.  Otherwise, trial on all issues is the norm.  In patent cases, there is substantial evidence that is relevant to both liability and damages issues.  For example, issues related to the accused infringer's sales and marketing will be relevant to the so-called secondary considerations of non-obviousness that are a required part of any patent case.  Such evidence may be probative, for example, of commercial success and copying of others, which may negate a showing of obviousness. This is just one example.  This is not a complex patent case.  Segregation of the damages and liability issues would result in wasteful duplication of certain efforts, and would unnecessarily increase the overall duration and cost of this suit.  Bifurcation of trial, as requested by Telebrands, would significantly prejudice the Defendants, both through the much higher cost of lengthened and bifurcated proceedings, and ongoing damages which would accrue to the Defendants should Telebrands continue to sell the accused product during a bifurcated damages period.

  (c)  Maximum of  25   interrogatories by each party to each other party.

  (d)  Deadline to serve interrogatories and document demands  September 16, 2013 .

  (e)  Maximum of  10   depositions by each party to each other party.

  (f)  Motions to amend or to add parties to be filed by  July 15, 2013  .

  (g)  Fact discovery to be completed by  October 30, 2013  .

  (h)  Affirmative expert report (if needed) due on  [60 days after Markman ruling] .

  (i)  Responsive expert report (if needed) due on  [30 days after affirmative expert report deadline]  .

  (j)  Expert depositions to be completed by  [45 days after responsive expert report deadline]  . (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond the fact discovery deadline, set forth the reason.

Discovery can be completed during the period for claim construction briefing. However, liability expert discovery (on issues relating to invalidity and infringement/non-infringement, as well as damages at the appropriate time) should be completed after the Court's Markman ruling.

  (k)  Dispositive motions to be served within  45   days of completion of expert discovery.

  (l)  The settlement conference may take place on  [completion of dispositive motion briefing]  .

  (m)  The final conference may take place on  [90 days after dispositive motion deadline]  .

11. Do you anticipate any discovery issues, challenges or problems?  Yes ____  No  X 

  If yes, explain.

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)?  Yes ____ No  X 

  If yes, explain.

13. Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders:

    Pursuant to Local Patent Rule 2.2, the parties shall submit to the Court a proposed protective order to govern the handling of confidential information.

14. (a) Do you anticipate any issues about discovery of electronically stored information, including form of production? Yes ____ No  X    If yes, explain._____

    (b) Describe how electronic discovery will be produced and set forth agreements the parties have reached about the production of such discovery, including forms of production, cost sharing (if any), software arrangements, etc.

    **Telebrands' Position**: (1) General Electronically Stored Information ("ESI") production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata and shall not require production of ESI in native format absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production. (2) Each electronic document shall be produced in a single-page Tagged Image File Format ("TIFF") format. TIFF files shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Each document image shall contain a footer with a sequentially ascending production number. (3) No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party. (4)

>   Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.  (5) Metadata for ESI shall be preserved, and shall not be compromised.  (6) The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or protected by work product to challenge the privilege or protection.  (7) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other proceeding.  (8) The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.
> 
>   **Defendants' Position**:  The defendants require the opportunity to address this issue more fully with opposing counsel and report to the Court regarding same prior to the Scheduling Conference.

15. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Arbitration and mediation are not presently appropriate because both parties have been engaged in settlement discussions.  Telebrands asserts that mediation may be appropriate after the parties have fully briefed any dispositive motions on liability issues.  Defendants further state that no agreement has been reached, and there is no ongoing discussion between them.  The Defendants agree that mediation is appropriate after dispositive motions have been fully briefed.

16. Is this trial appropriate for bifurcation? Yes _X_ No _X_

    **Telebrands' Position**:  In the District of New Jersey, patent cases are often bifurcated into liability and damages proceedings under Rule 42(b) of the Federal Rules of Civil Procedure.  Determining damages in a patent case is difficult and expensive, while being easy to sever because the financial and economic evidence used to prove and defend damages is largely unrelated to liability.  *E.g., Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256-57 (D.N.J. 1997).  Further, the possibility of the liability proceedings rendering a damages inquiry moot, or resulting in settlement, has the potential of saving the parties and the Court a great deal of time and expense.  *Id.* at 256.

    **Defendants' Position**:  This matter is not appropriate for bifurcation due to the fact that separate trials would not be conducive to expedition and economy.  Instead, they would create undue delay and expense.  Nothing presently suggests that damages issues would be complicated and extensive.

17. We [do ____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

18. Required information regarding transferred Case No. 2:13-cv-00481.

    (a) Description of discovery completed before transfer

    Telebrands and Blue Gentian exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The parties did not complete any other discovery before transfer.  Blue Gentian served Telebrands with Requests for Production of Documents and Interrogatories on December 28, 2012.  Given transfer of the case prior to the deadline for a response, Blue Gentian did not insist on discovery compliance in light of transfer.  The same discovery requests, with minor additions will be re-served on Telebrands.

    (b) Description of discovery to be completed

The parties assert that the discovery to be completed is identified in paragraph 10(a) above.

(c) Parties' position concerning proposed schedule for pretrial proceedings

The parties' position concerning a proposed schedule for pretrial proceedings is the same as that set forth in paragraph 10 above.

19. Summary of the parties' views on consolidation in accordance with the Order dated January 30, 2013 (Dkt. No. 53)

The present action should be consolidated with the transferred action pursuant to Fed. R. Civ. P. 42(a) and Local Civil Rule 42.1.  *U.S. v. 661 Boxes of Phedrine*, 590 F. Supp. 2d 703, 707 (D.N.J. 2008).  The two actions, which are both in their initial stages, are near mirror images of each other.  In the transferred action, Blue Gentian alleges infringement by Telebrands of two U.S. patents.  In the present action, Telebrands seeks a declaratory judgment of invalidity and non-infringement of the same patents.  Both actions have common parties, overlapping questions of law and fact, and the same witnesses.  Further, without consolidation, separate litigation could result in inconsistent rulings.

_____  3/1/13
Attorneys for Plaintiff Telebrands Corp.    Date

_____  _____
Attorneys for Defendants Blue Gentian, LLC    Date
and Michael Berardi

_____  _____
Attorneys for Defendant National Express, Inc.    Date

_____  
Attorneys for Plaintiff Telebrands Corp.

Date _____

_____  
*[signature]*  
Attorneys for Defendants Blue Gentian, LLC  
and Michael Berardi

Date  
3/1/13

_____  
Attorneys for Defendant National Express, Inc.

Date _____

_____     _____
Attorneys for Plaintiff Telebrands Corp.                        Date


_____     _____
Attorneys for Defendants Blue Gentian, LLC                      Date
and Michael Berardi

*Steven M. Coyle / ARS*                                          3/1/13
_____     _____
Attorneys for Defendant National Express, Inc.                   Date