## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORPORATION,<br>    Plaintiff,<br>v.<br>NATIONAL EXPRESS, INC., et al.,<br>    Defendants. | Civil Action No. 12-6671 (FSH) (JBC) |
| BLUE GENTIAN, LLC,<br>    Plaintiff,<br>v.<br>TELEBRANDS CORPORATION,<br>    Defendant. | Civil Action No. 13-481 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TELEBRANDS CORPORATION, et al.,<br>    Defendants. | Civil Action No. 13-4627 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TRISTAR PRODUCTS, INC.,<br>    Defendant. | Civil Action No. 13-1758 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TRISTAR PRODUCTS, INC., et al.,<br>    Defendants. | Civil Action No. 13-7099 (FSH) (JBC) |

## **DISCOVERY CONFIDENTIALITY ORDER**

By stipulation and agreement of the parties, with the express consent of counsel for the parties, and in accordance with Local Civil Rule 5.3 of the Local Rules of the United States District Court for the District of New Jersey, IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following terms and conditions shall govern the treatment of confidential information and documents produced or disclosed in the course of discovery in the above-identified actions:

1. The term "confidential information" as used in this Order is to include all information that the party producing or disclosing it ("the Producing Party") believes constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, shipments or other proprietary data or information of commercial value, including, but not limited to, trade secrets or any other information within the meaning of Federal Rule of Civil Procedure 26(c)(7). It may include, without limitation: documents and information produced in this litigation, during discovery; documents and information produced by third parties which the Producing Party is under an obligation to maintain in confidence; answers to interrogatories, responses to requests for production, responses to requests for admission, or other discovery requests; deposition transcripts; and tangible things or objects that are designated as confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such confidential information shall also be deemed confidential information. Information originally designated as confidential information pursuant to this Order shall not retain confidential status after any ruling by any Court denying such status.

2. For purposes of this Order, CONFIDENTIAL-ATTORNEY'S EYES ONLY shall refer to information or material that is produced by a Producing Party that constitutes proprietary financial or technical information or commercially sensitive competitive information that the Producing Party maintains as highly confidential within its business.

3. Documents and things produced during the course of discovery deemed by the Producing Party to contain confidential information may be designated as confidential by the Producing Party by marking the document or thing with the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, as appropriate. In the case of a document, each page of the document which contains confidential information shall be so marked in a prominent location, and in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

4. If a Producing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original files and records that it reviews. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the inspecting party only.

5. A non-party producing information or material voluntarily or pursuant to subpoena or court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to these actions.

However, non-parties to these actions who designate material or information under this Order shall not thereby obtain the right to have access to any CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY information or material produced by any party to these actions. If any confidential information is produced by a third party to these actions, such third party shall be considered a Producing Party as used in the context of this Order, and all parties to this Order should be treated as receiving parties.

6. In the event that any confidential information is used in any court proceeding in these actions, such information shall not lose its protection hereunder through such use. The confidentiality of such information and materials shall be protected as determined and directed by the Court. Nothing herein constitutes a ruling that such information or proceeding will be sealed.

7. Any written discovery response containing confidential information shall be marked with the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, as appropriate, and shall be bound separately from responses not containing confidential information.

8. In the event that a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, as appropriate. A final good faith designation specifying

the inclusive page and line numbers of the CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY testimony and exhibits shall be made in writing to counsel for the opposing party no later than thirty (30) days after receipt of the transcript or any copy thereof from the court reporter.

9.  Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony or information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY subsequent to its first disclosure or production, provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the document, thing, deposition, testimony or information designated; (c) shall not have any retroactive effect; and (d) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party. Where the Producing Party designates information or materials CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY pursuant to this paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order. No showing of error. inadvertence, or excusable neglect shall be required for such redesignation.

10.  Materials designated CONFIDENTIAL, copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a)  the Court and its officers;

(b)  counsel of record and employees of counsel engaged in the conduct of these actions, who shall use such information solely for purposes of this litigation;

5

(c) third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents or things;

(d) officers, directors or employees of the receiving party, who shall use such information solely for purposes of this litigation, provided that each such officer, director or employee signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents or things; and

(e) witnesses or deponents whose testimony is reasonably related to the confidential information sought to be disclosed by them.

11. Materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court and its officers;

(b) counsel of record and employees of counsel engaged in the conduct of these actions, who shall use such information solely for purposes of this litigation; and

(c) third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents or things.

12. The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Producing Party and the receiving party without necessity of modifying this Order.

13. Before any person may be given access to confidential information under paragraphs 10(c) and 11(c), the party seeking to provide such access must give written notice to the attorneys for the Producing Party of the intention to make such disclosure, stating the name, address, and title of the person, and a resume of the background and qualifications of the person to whom disclosure is proposed, as well as litigation consulting or expert work for the previous four (4) years. Within five (5) days from the service of such written notice, the Producing Party may object to such disclosure by service of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. Such objection shall not be unreasonably made. The parties shall meet and confer in good faith to resolve any disagreement. No disclosure of confidential information to any such person may occur prior to the expiration of five (5) days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the Producing Party. If the Producing Party gives notice of objection to disclosure and the parties cannot agree on disclosure, the party seeking to make the disclosure must seek leave of the Court in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order to make the disclosure and may not make such disclosure without an order of the Court authorizing such disclosure or a formal written agreement of the parties to permit disclosure.

14. Nothing in this Order shall prevent or otherwise restrict counsel for a party from rendering legal advice to such party with respect to this litigation and, in the course thereof relying upon an examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with the party, counsel shall not disclose confidential information designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY.

15. Nothing herein shall prevent any party from disclosing its own confidential information in any manner that it considers appropriate. Additionally, counsel for any party shall be entitled to show or use confidential information obtained from another party, during examination, either at deposition or at any hearing or trial, of any officer, employee or retained expert of the Producing Party. Counsel for any party shall also be entitled to show or use confidential information obtained from another party, during examination, either at a deposition or at any hearing or trial, of any person who is, on the face of a document, an author, creator or recipient of the confidential information.

16. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to paragraphs 10(c), 10(d) and 11(c) above, and shall promptly forward a copy thereof to counsel for the Producing Party after the conclusion of this litigation upon the request of the Producing Party.

17. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY under this Order; shall use their best efforts to act in good faith to separate out and

8

segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

18. Nothing in this Order shall be taken as or constitute: (a) an indication or acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment, or (b) waiver of the right of any party to refuse to provide testimony, information, documents or things on the grounds that such testimony, information, documents or things are so highly confidential and proprietary that they may not be produced or disclosed subject to the provisions of this Order. Any party may at any time seek an Order from the Court in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order, determining that specified information, documents, discovery materials, or categories thereof: (a) are not entitled to be treated as confidential in accordance with this Order, or (b) should or must be produced or disclosed subject to the provisions of this Order. Information and materials designated as CONFIDENTIAL or CONFIDENTAIL-ATTORNEY'S EYES ONLY shall, however, remain subject to the provisions of this Order unless and until the Court determines that such materials are not entitled to such protection.

19. Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege or

protection, provided that the Producing Party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall promptly be returned to the designating party upon request. No use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

20. Any request to seal information submitted in connection with a request for non-discovery relief shall be filed via formal motion in accordance with Local Civil Rule 5.3(c). Designation under this Order alone is not a sufficient basis to seal. A party intending to file such a motion shall contact Chambers for instructions concerning its format. Nothing in this Order shall prevent any party from using any material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY at trial simply based upon such a designation.

21. Upon final termination of this litigation not subject to further appeal, each party may request the return to it of all documents or other confidential materials previously furnished to the other party, including any copies thereof and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to both parties, with the exception that counsel may retain a single archival copy of (i) the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts.

deposition exhibits, hearing transcripts and exhibits, and the trial record; and (ii) work product of the receiving party whether or not incorporating or depending on confidential information. Any such copies containing confidential information shall remain subject to this Order. Counsel need not purge its disaster recovery system *(e.g.,* backup tapes) to eliminate confidential information. Nothing herein shall restrict the ability of the parties or their counsel to retain information or documents not designated as confidential information by the Producing Party.

22. Any receiving party may at any time request that the Producing Party remove the confidential designation with respect to any document, object or information. Such request shall be served on counsel for the Producing Party, and shall particularly identify the designated confidential information that the receiving party contends is not confidential and the reasons supporting its contention. If the Producing Party does not agree to remove the confidential designation within five (5) days, then the party contending that such documents or information are not confidential may file an application in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order to remove such information from the restrictions of this Order. All parties will treat this disputed information as confidential information under this Order unless and until the Court issues an Order granting such a motion, or the parties formally agree in writing to de-designate the information.

23. In the event confidential information disclosed during the course of the litigation is sought by any person or entity not a party to this litigation, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify in writing counsel for the Producing Party (unless barred from doing so

by law or Court Order) if such subpoena or service demands the production of confidential information of such Producing Party. Any such person or entity seeking such confidential information by attempting to enforce such subpoena or other legal process shall be apprised of this Order by counsel for the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of confidential information covered by this Order, or to subject itself to penalties for non-compliance with any legal process or order. Nothing herein precludes timely compliance with a government subpoena or Court Order.

24. This Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by written agreement of the parties, and shall survive the termination of these actions. The Court retains and shall have continuing jurisdiction over the parties and recipients of the confidential information for enforcement of the provisions of this Order following termination of this litigation. The entry of this Order shall be without prejudice to the rights of any party to apply, in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order, for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

By: *s/ Jeffrey L. Snow*
Peter D. Murray (admitted *pro hac* vice)
Jeffrey L. Snow
Robert T. Maldonado (admitted *pro hac* vice)
Eric M. Eisenberg (admitted *pro hac* vice)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, NY 10112
jsnow@cooperdunham.com
(212) 278-0400
(212) 391-0525
*Counsel for Telebrands Corp.*

David S. Stone
Jason Spiro
Stone & Magnanini LLP
150 John F. Kennedy Parkway
4th Floor
Short Hills, NJ 07078
dstone@stonemagnalaw.com
(973) 218-1111
(973) 218-1106

By: *s/ Noam Kritzer*
Noam Kritzer, Esq.
Edward P. Bakos, Esq.
Bakos & Kritzer
147 Columbia Turnpike
Florham Park, New Jersey, 07932
ebakos@bakoskritzer.com
(908) 273-0770
(973-520-8260
*Counsel for Tristar Products, Inc.*

By: *s/ Edward F. McHale*
Edward F. McHale (admitted *pro hac* vice)
Brian M. Taillon (admitted *pro hac* vice)
McHale & Slavin, P.A.
2855 PGA Boulevard
Palm Beach Gardens, FL 33410
litigation@mchaleslavin.com
(561) 625-6575
(561) 625-6572
*Counsel for Blue Gentian, LLC and National Express, Inc.*

By: *s/ George C. Jones*
Thomas R. Curtin
George C. Jones
Graham Curtin, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
gjones@grahamcurtin.com
(973) 292-1700

**IT IS SO ORDERED** this 2d day of July, 2014.

HONORABLE JAMES B. CLARK, III
United States Magistrate Judge

13

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORPORATION,<br>    Plaintiff,<br>v.<br>NATIONAL EXPRESS, INC., et al.,<br>    Defendants. | Civil Action No. 12-6671 (FSH) (JBC) |
| BLUE GENTIAN, LLC,<br>    Plaintiff,<br>v.<br>TELEBRANDS CORPORATION,<br>    Defendant. | Civil Action No. 13-481 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TELEBRANDS CORPORATION, et al.,<br>    Defendants. | Civil Action No. 13-4627 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TRISTAR PRODUCTS, INC.,<br>    Defendant. | Civil Action No. 13-1758 (FSH) (JBC) |
| BLUE GENTIAN, LLC, et al.,<br>    Plaintiffs,<br>v.<br>TRISTAR PRODUCTS, INC., et al.,<br>    Defendants. | Civil Action No. 13-7099 (FSH) (JBC) |

## **UNDERTAKING**

The undersigned declares and undertakes as follows:

1. My address is

   _____.

2. My present employer is

   _____.

3. My present occupation or job description is

   _____.

4. By my signature below, I declare under penalty of perjury that I have read the Discovery Confidentiality Order entered in these actions and hereby undertake to be bound by the terms thereof and to submit to the jurisdiction of this Court for the enforcement thereof.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20___.

                                                          _____

                                        Signature of _____
                                                                          (Print Name)